MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:     (212) 317-1200
Facsimile:     (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

JOSE DE JESUS, individually and on behalf of all
others similarly situated,

                             *Plaintiff,*

              -against-

101 LA ESPERANZA SUPERMARKET CORP., 101
AUDUBON FOOD CORP., 101 AUDUBON
GROCERY & MEAT INC., CRISTOBALINA
MARINE D/B/A LA ULTIMA ESPERANZA DELI
GROCERY, CRISTOBALIN MARINE D/B/A LA
ULTIMA ESPERANZA DELI GRCY, CARLOS
PERALTA D/B/A C P GROCERY, CARLOS
PERALTA D/B/A CARLOS PERALTA GROCERY,
CRISTOBALINA MARIN A/K/A CRISTOBALINA
MARINE, CRISTOBALIN MARINE,
CRISTOBALINA MARIN and CARLOS PERALTA

                          *Defendants*
------------------------------------------------------------------X

**COMPLAINT**

**07 CV 2717 (LTS)(MHD)**

**FLSA Collective Action**

**Jury Trial Demanded**

**ECF Case**

      Plaintiff Jose de Jesus, by and through his attorneys, Michael Faillace & Associates, P.C.,

alleges upon knowledge as to themselves and upon information and belief as to all other matters

as follows:

      1.    Plaintiff was formerly employed as a butcher and counter attendant by Ultima

Esperanza Mini-Supermarket ("Ultima Esperanza"), which upon belief and information is owned

and operated by defendants 101 La Esperanza Supermarket Corp., 101 Audubon Food Corp., 101 Audubon Grocery & Meat Inc. (the "Defendant Corporations"), and Defendants Cristobalina Marine and Carlos Peralta, who are or were doing business with different trade names, and who are sued as well as individuals that operated as directors and officers of the defendant corporations.

2.      Defendants have maintained a policy and practice of requiring Plaintiff to work in excess of forty hours per week without paying her the compensation required by federal and state laws. Defendant not only failed to pay Plaintiff proper wages, but also unlawfully retained portions of his tips.

3.      Plaintiff now bring this action to recover unpaid minimum and overtime wages, "spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.* ("New York Labor Law"), the "spread of hours" wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2005) (herein the "Spread of Hours Wage Order"), and state contract and tort law.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 29 U.S.C.' 216(b) (FLSA), and 28 U.S.C. '' 1337 (interstate commerce) and 28 U.S.C. 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. ' 1367(a).

1.      Venue is proper in this District under 28 U.S.C. ' 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants reside and Plaintiff was employed by Defendants in this district.

- 2 -

## THE PARTIES

*Plaintiff*

4.      Plaintiff Jose De Jesus is an adult individual residing in New York County. He was employed by Defendants from on or about 1999 to on or about March 12, 2007.

*Defendants*

5.      Ultima Esperanza Mini Supermarket is owned and operated by Defendants 101 La Esperanza Supermarket Corp., 101 Audubon Food Corp., 101 Audubon Grocery & Meat Inc., and Defendants Cristobalina Marine and Carlos Peralta, who are or were doing business with different trade names, and who are sued as well as individuals.

6.      Upon information and belief the defendant corporations are organized and existing under the laws of the State of New York.

7.      Ultima Esperanza Mini Supermarket is located at 101 Audoban Avenue, New York, NY 10032, and does business within the City and County of New York.

8.      Defendants are subject to the jurisdiction of this Court.

## STATEMENT OF FACTS

*Background Facts*

9.      Ultima Esperanza is a supermarket/butcher shop. Ultima Esperanza sells meat, fish, shrimp, and seafood. In addition, the butcher shop carries numerous grocery items such as bread, milk, orange juice, eggs, vegetables, canned food, etc.

10.     The restaurant accepts Visa, Mastercard, American Express, Discover, Diners Club, and at times relevant to the Complaint, Plaintiff regularly ran the credit card authorizations.

11.     Ultima Esperanza has employed at least four employees individually engaged in commerce and had an annual gross volume of sales in excess of $500,000 for each year relevant to this action.

12.     At no time during the course of this action did Plaintiff ever observe on Defendant's premises any posted notice regarding employees' rights under the New York State Labor Law and Regulations, as well as federal law, or the procedures for filing a charge for violations of these state and federal labor laws.

## FACTUAL ALLEGATIONS

### *Jose De Jesus*

13.     Jose De Jesus was employed by Defendants from 1999 until March 12, 2007. His duties included stocking shelves, receiving orders, meat packing, attending customers and cleaning the butcher shop. De Jesus' work required neither discretion nor independent judgment.

14.     From March 1999 until March 18, 2007, De Jesus regularly worked 78 hours per week, comprised of six twelve-hour shifts, six days per week and one six hour shift, one day a week.

15.     From the last six years until termination, Defendants paid De Jesus a weekly salary of $400.

### *General Employment Practices*

16.     Defendants paid Plaintiff in cash. Either individual defendants Marine and Peralta or a relative handed Plaintiff the money each week.

17.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to

maintain accurate timesheets and payroll records. Specifically, Defendants neglected to maintain records indicating the number of hours Plaintiff worked each day, the total number of hours Plaintiff worked each workweek, including the time of arrival and departure for each employee working a split shift or spread of hours exceeding ten.

18.     In addition, Defendants failed to include a statement of "hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages" each time they paid Plaintiff.

19.     Defendants denied Plaintiff time off for meals and breaks in violation of New York Labor Law § 162.2. Plaintiff did not receive the additional 20 minute break between 5 p.m. and 7 p.m. for those employed on a shift starting before 11 a.m. and continuing after 7 p.m.

20.     Defendants formed, dealt and sold the deli to successor corporations in a manner designed to evade the wage and hour liability, unpaid taxes and debts.

21.     Defendants formed, dealt and sold the supermarket/ butcher shop to successor corporations in a manner designed to evade the wage and hour liability, unpaid taxes and debts.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as travel agency and money wire employees (the "FLSA Class").

23.     At all relevant times, plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of plaintiff stated herein are similar to those of the other employees of the defendants.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## NEW YORK LABOR LAW

24.     Plaintiff repeats and realleges all the paragraphs above.

25.     At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

26.     Defendants knowingly paid Plaintiff less than the minimum wage in violation of N.Y. Lab. Law § 652(1) and supporting regulations of the New York State Department of Labor.

27.     Defendants willfully failed to pay Plaintiff overtime compensation at the rate of one and one-half times their regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

28.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

29.     Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

30.     Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF
## THE NEW YORK COMMISSION OF LABOR

31.    Plaintiff repeats and realleges all the paragraphs above.

32.    Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

33.    Defendants' failure to pay Plaintiff an additional hour's pay for each day their spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

34.    Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Declaring that Defendants have violated the minimum wage, spread of hours wage order, and overtime provisions of the FLSA and New York Labor Law;

(b)    Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

(c)    Awarding Plaintiffs and the putative FLSA Class members damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law;

(d)    Awarding Plaintiffs and the putative FLSA Class members liquidated damages in an amount equal to the minimum wage, spread of hours pay, and overtime compensation owed pursuant to 29 U.S.C. § 216(b);

(e)      Awarding Plaintiffs and the putative FLSA Class members liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to § 198 of the New York Labor Law;

(f)      Awarding Plaintiffs and the putative FLSA Class members prejudgment interest;

(g)      Awarding Plaintiffs and the putative FLSA Class members the expenses incurred in this action, including costs and attorneys' fees; and

(h)      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: New York, New York
          April 3, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s_____

          Michael A. Faillace [MF-8436]
          110 East 59th Street, 32nd Floor
          New York, New York 10022
          Telephone:    (212) 317-1200
          Facsimile:      (212) 317-1620
          *Attorneys for Plaintiff*